# Exhibit B

SUPREME COURT : STATE OF NEW YORK
COUNTY OF SCHENECTADY

---

KERRY HOGAN,

                Plaintiff,

-against-

NOVO NORDISK INC.,

                Defendant.

**COMPLAINT**

Index No.:

---

Plaintiff Kerry Hogan ("Plaintiff") by and through her attorneys Whiteman Osterman & Hanna LLP, as and for her Complaint, alleges the following against, Defendant Novo Nordisk Inc. ("Defendant").

1. Plaintiff is and was at all times a resident of the County of Schenectady, State of New York.

2. Defendant is a foreign corporation authorized to do business and doing business in the State of New York.

3. At all times relevant herein, Plaintiff was an employee of Novo Nordisk Inc. and had been so employed for approximately sixteen (16) years prior to her termination on May 10, 2021.

4. At all times during her career with Novo Nordisk Inc. the Plaintiff performed in exemplary fashion and consistently exceeded her performance goals.

5. This exemplary performance included during her employment in the position of specialty representative for Novo Nordisk Inc.

6. In November 2020, Plaintiff was suddenly told she was being removed from her position as a specialty representative and had her position reduced to primary care representative.

7. The reduction in her position to primary care representative resulted in a loss of benefits and compensation for Plaintiff.

8. In November 2020, Plaintiff was over the age of 40, being 52 years of age.

9. After her reduction in her position, her former position of specialty representative was filled by person(s) significantly younger than her.

10. After assuming her reduced position as primary care representative, Plaintiff participated in mandatory training in February 2021.

11. Among the subjects included in such training was "off label" marketing.

12. At said training, "off label" marketing was described as illegal, and consists of marketing to Novo Nordisk Inc.'s customers that was not in compliance with the United States Food and Drug Administration's approved instruction.

13. That engaging in "off label" marketing violates federal law and the rules and regulations of the United States Food and Drug Administration.

14. She was further trained that if any time an employee observed and became aware of any other employee engaged in "off label" marketing, that it should be reported to the compliance department.

15. It was further represented that any such reporting would not result in any retaliation to the employee making the reporting of "off label" marketing.

16. During the course of her career right up to her termination in May 2021, her immediate supervisor, Brian Skilling, would conduct "ride alongs" with the Plaintiff where

he would accompany her to customers' facilities and assist in the sale of Novo Nordisk Inc.'s products.

17. On numerous times during her employment and up to the time of her training on "off label" marketing, she observed Mr. Skilling engage in off label marketing with several customers of Novo Nordisk Inc.

18. After the training and based upon her experience with Mr. Skilling in which he engaged in off label marketing, which was in violation of federal law and the rules and regulations of the United States Food and Drug Administration, the Plaintiff reported such activity to the compliance department.

19. Subsequently, upon information and belief, the Defendant engaged in investigation based upon her complaint of off label marketing by Mr. Skilling.

20. Mr. Skilling subsequently learned that it was the Plaintiff Kerry Hogan who made the complaint about him in engaging in off label marketing.

21. Thereafater, Mr. Skilling in conjunction with the human resource department retaliated against the Plaintiff Kerry Hogan and terminated her due to her report of such "off label" marketing and, in the alternative, due to her age.

22. That Mr. Skilling based his decision to terminate the Plaintiff upon the pretext of her violating the company's sample management and sample storage compliance policies.

23. That said reasoning was a pretext for terminating her for her age and retaliating against her for reporting off label marketing of Mr. Skilling as none of the other 280 employees who engaged in such conduct were terminated.

24. Additionally, the conduct that led to her termination, ceased in December 2020 and no further violations of policies were engaged in by Ms. Hogan from December 2020 to her termination date.

25. Further, the Company admitted during a meeting which discussed said violations that no one would be disciplined because of existing problems with the equipment that led to the alleged sample management and sample storage issues.

## AS AND FOR A FIRST CAUSE OF ACTION

26. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of this complaint numbered "1" through "25" with the same force and effect as if set forth fully and completely at length herein.

27. The conduct of the Defendant in terminating the Plaintiff was in violation of New York State Labor Law § 740 in that the Plaintiff established a violation of federal law and rules and regulations of the United States Food and Drug Administration that prohibits "off label" marketing of pharmaceuticals.

28. That this violation of federal law and rules and regulations of United States Food and Drug Administration created a substantial and specific danger to public health and safety that pharmaceuticals would be marketed outside the scope of the United States Food and Drug Administration's approval, causing potential health detriments to consumers of said pharmaceuticals.

29. That the Plaintiff was terminated in retaliation for making complaints and opposing Defendant about Mr. Skilling's violation of federal laws and regulations by engaging in "off label" marketing to sell products to Novo Nordisk Inc.'s customers. As a

result of said retaliation, the Plaintiff was terminated from her position which resulted in economic loss to her, in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION

30. Plaintiff repeats and realleges each and every allegation contained in the paragraphs of this complaint numbered "1" through "29" with the same force and effect as if set forth fully and completely at length herein.

31. That Plaintiff at all times relevant herein was over the age of 18, being 52 years old at the time the discriminatory acts alleged herein.

32. That the Plaintiff was demoted then terminated under circumstances giving rise to an inference of age discrimination, *inter alia*, based upon her age, as she was qualified for her positions, and based upon being replaced in her position by persons significantly younger than her.

33. That the reasons for termination were a pretext for age discrimination, *inter alia*, as none of the other 279 persons alleged to have engaged in the same misconduct that was the basis for her termination, were themselves terminated, and she did not engage in such conduct for six (6) months prior to termination, and she was assured by the Defendant that no discipline would be imposed for violations of the company's sample management and storage policies.

34. As a result, the Plaintiff's termination was in violation of the New York State Executive Law § 292 et al on the basis of age.

35. As a result of her termination based upon her age, she has suffered compensatory damages, and emotional distress damages in an amount to be determined at trial.

WHEREFORE, Plaintiff Kerry Hogan respectfully requests that this Court issue a judgment on the First and Second Causes of Action in amounts that will properly compensate her for the discriminatory conduct engaged against her; costs, disbursements, and attorney's fees incurred in prosecuting this proceeding; and granting such other relief as this Court deems just, proper, or equitable.

Dated: April 27, 2022
      Albany, New York

WHITEMAN OSTERMAN & HANNA LLP

_____
Paul E. Davenport, Esq.
*Attorneys for Plaintiff*
One Commerce Plaza
Albany, New York 12260
(518) 487-7600
pdavenport@woh.com