UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KERRY HOGAN,

                                        Plaintiff,
                                                                1:22-CV-01384
v.
                                                                (GLS/TWD)
NOVO NORDISK, INC.,

                                        Defendant.
_____

APPEARANCES:                                OF COUNSEL:

KERRY HOGAN
Plaintiffs, *pro se*

MORGAN, LEWIS & BOCKIUS                      MICHAEL FLEMMING, ESQ.
Counsel for Defendant                       TERRY D. JOHNSON, ESQ.


THÉRÈSE WILEY DANCKS
United States Magistrate Judge

**REPORT-RECOMMENDATION and ORDER**

## I.      INTRODUCTION

        This matter is presently before the Court to consider whether the claims of Plaintiff Kerry

Hogan should be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure based upon

said Plaintiff's failure to prosecute.  For the reasons that follow, I recommend the entire action be

dismissed with prejudice.

## II.     PROCEEDINGS TO DATE

        Plaintiff commenced this civil rights employment action through counsel in New York State

Supreme Court, and it was subsequently removed to this Court.  (Dkt. Nos. 1, 2.)  Defendant filed an

Answer on December 30, 2022 (Dkt. No. 7), and a Uniform Pretrial Scheduling Order was issued after the Rule 16 conference.  (Text Minute Entry 2/2/2023; Dkt. No. 11.)  Thereafter, a discovery issue arose, and the Court received a status report from Plaintiff's then counsel indicating a motion to withdraw would be forthcoming.  (Dkt. Nos. 19, 25.)  Counsel filed a motion to withdraw from representation of Plaintiff, which was duly served on Plaintiff along with the Court's Text Order notifying Plaintiff of the deadline to respond to the motion.  (Dkt. Nos. 29, 31, 32, 33.)  Plaintiff ultimately did not respond to the motion and the motion was granted.  (Dkt. No. 34; Text Notice 7/5/2023.)  The Order granting the motion was served on Plaintiff via regular mail and certified mail. *Id.*  The certified mailing was returned to the Court unclaimed, but the regular mailing was not returned.  (Dkt. No. 35.)  No new counsel appeared for Plaintiff; she was deemed to be appearing pro se and was sent a Pro Se Handbook and Notice; she was provided a further opportunity to pursue this action; and she was warned that failure to follow the Court's instructions could result in dismissal of the action.  (Dkt. Nos. 36, 37.)  The Text Order outlining these directives was sent to Plaintiff again via regular and certified mail.  (Dkt. No. 36.)  Again the certified mailing was returned to the Court unclaimed, but the regular mailing was not returned.  (Dkt. No. 38.)  Plaintiff was provided one final opportunity to appear to pursue the action, and was again warned that failure to do so would result in dismissal.  (Dkt. No. 40.)  Again the certified mailing was returned to the Court unclaimed, but the regular mailing was not returned.  (Dkt. No. 41.)

As of the date of this Report-Recommendation and Order, Plaintiff has failed to notify the Court of her proper telephone number or other contact information.  Plaintiff has likewise failed to contact the Court with any further information and she has made no indication that she intends to prosecute this case, nor has she otherwise communicated with the Clerk regarding this action.

2

### III.    DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the case, or to comply with the procedural rules or orders of the court.  Fed. R. Civ. P. 41(b); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962).  This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases.  *See Freeman v. Lundrigan*, No. 95-CV-1190, 1996 WL 481534, at *1 (N.D.N.Y. Aug. 22, 1996) (Pooler, J.).[1]  Even though Rule 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint, sua sponte, for failure to prosecute.  *See Saylor v. Bastedo*, 623 F.2d 230, 238-39 (2d Cir. 1980).  It is also well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court.  *See Tylicki v. Ryan*, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

The correctness of a Rule 41(b) dismissal is determined in light of five factors: (1) the duration of the plaintiff's failure to comply with the court order (or the court's procedural rules); (2) whether plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.  *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996).

In considering the duration of Plaintiff's failure to prosecute her claims, the Court notes that

---

[1]    The Court will provide pro se Plaintiff with a copy of all of the unpublished decisions cited in this Report-Recommendation in accordance with the Second Circuit's decision in *Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

Local Rule 41.2(a) of the Northern District states that "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution." N.D.N.Y.L.R. 41.2(a). Upon review of the docket, it appears that Plaintiff has failed to communicate as directed with the Court. Her former counsel's motion to withdraw was filed over five months ago, and Plaintiff never responded to that motion. (Dkt. No. 29.) Since then, the Court provided her with multiple opportunities to appear in the action and respond to the Court's numerous orders. (Dkt. Nos. 34, 36, 40.) Despite prodding from the Court, Plaintiff has not followed the Court's directives after being given multiple opportunities to do so. Thus, the Court finds the first factor weighs in favor of dismissal.

"The Second Circuit requires that the plaintiff receive adequate notice that the case could be dismissed due to inaction." *Folk v. Rademacher*, No. 00-CV-199S, 2005 U.S. Dist. LEXIS 32899, at *10, 2005 WL 2205816, *4 (W.D.N.Y. Sept. 9, 2005) (citing *Martens v. Thomann*, 273 F.3d 159, 180-81 (2d Cir. 2001). Here, Plaintiff failed to contact the Court after being directed to do so by the Court. (Dkt. Nos. 34, 36, 40.) Plaintiff has also failed to communicate or file any requested document concerning her full contact information to the Court when explicitly directed to do so in the Court's Orders, *id.*, which also notified Plaintiff that her failure to do so would constitute grounds for a recommendation of dismissal. *See Nolan v. Primagency, Inc.*, No. 07 Civ. 134, 2008 U.S. Dist. LEXIS 31268, at *10, 2008 WL 1758644, at *3 (S.D.N.Y. Apr. 16, 2008) ("The Second Circuit has held that where a court puts a plaintiff on notice that the court is considering dismissal, and a plaintiff fails to file a document explaining the failures and outlining why the action should not be dismissed, this element has been met.") (citing *Shannon v. General Elec. Co.*, 186 F.3d 186, 194-95 (2d Cir. 1999)); *Europacific Asset Mgmt. Corp. v. Tradescape, Corp.*, 233 F.R.D. 344, 353 (S.D.N.Y. 2005) ("A court's prior warning of dismissal, and subsequent inaction by a plaintiff, weighs in favor of

dismissal.").  Thus, the second factor weighs in favor of dismissal.

The third factor is also satisfied as further delay is likely to prejudice Defendant.  Defendant has appeared and attempted discovery, however, very little discovery has occurred because Plaintiff has been absent and has not responded to the Court's efforts to garner her participation.  (*See* Dkt. Nos. 25, 34, 36, 40.)  Also, the parties have not been able to conduct meaningful discovery.  (*See* Dkt. Nos. 19, 25.)  Further delay may well affect the parties' ability to locate witnesses, and to preserve evidence.  *See, e.g., Georgiadis v. First Boston Corp.*, 167 F.R.D. 24, 25 (S.D.N.Y. 1996) (passage of time would cause memories to fade).  Therefore, the third factor also weighs in favor of dismissal.

Under the circumstances, the Court finds that the need to alleviate congestion on the Court's docket, and move cases toward trial, outweighs Plaintiff's right to receive a further chance to be heard in this case.  It is the need to monitor and manage cases such as this when one party refuses to participate that delays the resolution of this and other cases, and that contributes to the Second Circuit's relatively long median time to disposition for such civil cases.

Finally, the Court has carefully considered sanctions less drastic than dismissal of Plaintiff's claims and finds them to be inadequate under the circumstances.

## IV.    CONCLUSION AND RECOMMENDATION

The Court's records fail to reveal that any meaningful steps have been taken by Plaintiff to pursue her claims in this action.  Despite several directives from the Court requesting information from her concerning the status of her participation in the action, and/or directing her to take specific steps to pursue this action, Plaintiff has repeatedly failed to comply and has provided no information to the Court concerning any measures taken to continue the action, or from which the Court could meaningfully gauge her level of persistence and enthusiasm for pursuing the action.  Accordingly,

based upon Plaintiff's failure to comply with directives from the Court, and after considering the

factors relevant to a dismissal under Rule 41(b) of the Federal Rules of Civil Procedure, Plaintiff's

complaint should be entirely dismissed with prejudice.

     **WHEREFORE**, it is hereby respectfully

     **RECOMMENDED** that this action be **DISMISSED with prejudice**, for failure to prosecute;

and it is

     **ORDERED** that the Clerk provide pro se Plaintiff with copies of *Folk v. Rademacher*, No. 00-

CV-199S, 2005 U.S. Dist. LEXIS 32899, 2005 WL 2205816 (W.D.N.Y. Sept. 9, 2005); *Freeman v.

Lundrigan*, No. 95-CV-1190, 1996 U.S. Dist. LEXIS 12296, 1996 WL 481534 (N.D.N.Y. Aug. 22,

1996); and *Nolan v. Primagency, Inc.*, No. 07 Civ. 134, 2008 U.S. Dist. LEXIS 31268, 2008 WL

1758644 (S.D.N.Y. Apr. 16, 2008); and it is further

     **ORDERED** that the Clerk serve a copy of this Report-Recommendation and Order on Plaintiff

in accordance with the Court's local rules.

     Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written

objections to the foregoing report.[2]  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE**

**APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of

Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1) (Supp. 2013); Fed. R.

Civ. P. 72.

---

[2]  If you are proceeding pro se and are served with this Order and Report-Recommendation by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the Order and Report-Recommendation was mailed to you to serve and file objections.  Fed. R. Civ. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Fed. R. Civ. 6(a)(1)(C).

**IT IS SO ORDERED.**

Dated: October 16, 2023
         Syracuse, NY

Thérèse Wiley Dancks
United States Magistrate Judge